IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY COHEN, )
No. S-05667, )
      Plaintiff, )
)
vs. ) Case No. 17−cv–608-SMY
)
JEFFERY DENNISON, )
DOCTOR DAVID, and )
UNKNOWN PARTY, )
)
      Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stanley Cohen, an inmate in Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that officials at Shawnee were deliberately indifferent to his serious medical condition (an infected and ingrown toenail). In connection with his claims, Plaintiff sues Jeffery Dennison (Shawnee's warden), Doctor David (a physician that treated or failed to treat Plaintiff's medical condition) and an Unknown Party (described as "Wexford CAO"). Plaintiff seeks compensatory and punitive damages. (Doc. 1, p. 5).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On January 13, 2017, Plaintiff was transferred to an outside facility to have surgery on his infected ingrown toenail. (Doc. 1, p. 5). The toenail was removed and the outside physician provided Plaintiff with follow up treatment instructions. *Id.* Specifically, Plaintiff was instructed as follows:

> **Starting Tomorrow:**
> 1. Remove bandage.
> 2. Remove cotton packing.
> 3. Soak toe in warm soapy water for 10-15 minutes.
> 4. Dry toe.
> 5. Apply prescribed medication to toe.
> 6. Cover with 1 inch band aid or with gauze.
> 7. Repeat steps 1, 3, 4, 5 and 6 twice day until toe is healed
> 8. Return for follow up visits as scheduled.

(Doc. 1, p. 13). Although the instructions directed Plaintiff to soak his foot twice daily until the toe was healed, Plaintiff was only allowed to soak his foot once a day for a week. (Doc. 1, p. 5). The process was limited to once a day at the direction of Dr. David. *Id.* Dr. David is also the individual that decided Plaintiff's follow-up treatment should be completely stopped after only a week. *Id.* Plaintiff contends that his toe constantly throbs, is yellowish in color, and that he is in pain "every once in a while." *Id.*

Plaintiff filed a grievance regarding the denial of prescribed post-operative care. (Doc. 1, p. 7). However, the grievance was never answered. *Id.*

## **Discussion**

The Court finds it convenient to divide the *pro se* action into a single count. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

> **Count 1 -** Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition against Dr. David for discontinuing the prescribed follow-up treatment for Plaintiff's toenail.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.' " *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97,

---

[1] Plaintiff states that he suffered with an infected ingrown toenail for 6 months before "Shawnee" approved surgery. However, he does not provide any additional information pertaining to this six month period, other than to indicate that he was "in pain for six months." (Doc. 1, pp. 3, 5). The Court cannot conclude, based on this limited information, that the delay or denial of treatment during this six month period amounts to a constitutional violation. Additionally, to the extent that Plaintiff intended to pursue a claim pertaining to the delay or denial of treatment during this six month period, the claim is not associated with any particular defendant. The Complaint also indicates that on October 27, 2016, Plaintiff filed a grievance pertaining to his injured toenail. (Doc. 1, p. 7). Although the grievance was denied as an emergency grievance, it was addressed; surgery was apparently approved in connection with that grievance. (Doc. 1, p. 4 (grievance was denied as a non-emergency); Doc. 1, p. 7 ("they" addressed Plaintiff's first grievance by removing his toenail)). Finally, the Complaint includes several allegations complaining about events occurring after Plaintiff's surgery. The allegations are insufficient to state a claim under *Twombly* and/or are not directed at any of the named Defendants.

3

104 (1976)). To satisfy the objective element, Plaintiff must show that he had a serious medical need. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). To satisfy the subjective element, Plaintiff must show that Defendants "were aware of [Plaintiff's] serious medical need and were deliberately indifferent to it." *McGee*, 721 F.3d at 480. This requires showing something more than negligence, but it does not require a plaintiff to prove that he was literally ignored. *Roe*, 631 F.3d at 857–58. Instead, it is sufficient to "show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id*. at 858 (quoting *Greeno*, 414 F.3d at 653).

"Simple differences of opinion among medical personnel or between the inmate and his prison doctors concerning what is appropriate treatment do not constitute deliberate indifference." *Edrano v. Smith,* 161 F. App'x 596, 599 (7th Cir. 2006) (citing *Gil v. Reed*, 381 F.3d 649, 663 (7th Cir. 2004)). However, a prison doctor's failure to follow directions issued by an outside specialist is sufficient to raise an inference of deliberate indifference. *Id.* (citing *Gil,* 381 F.3d at 663-64; *Jones v. Simek,* 193 F.3d 485, 490-91 (7th Cir. 1999).

Here, Plaintiff alleges that he suffered from an infected ingrown toenail. The condition required surgical repair. After surgery, Plaintiff's toe was in a delicate condition and, to ensure proper healing, required specific follow-up care. For screening purposes, these facts sufficiently establishe the existence of a serious condition. Plaintiff's Complaint also sufficiently alleges that Dr. David acted with deliberate indifference. According to the Complaint, Dr. David failed to follow the outside specialist's prescribed course of treatment. Further factual development is necessary to determine whether Dr. David's decision to discontinue treatment amounted to unconstitutional deliberate indifference. Accordingly, the Complaint shall receive further review as to Dr. David.

4

However, the Complaint does not state a claim as to the Unknown Party (identified as Wexford's CAO) or Wexford. Neither Defendant is referenced in the body of the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").[2] Also, the Complaint does not suggest that the alleged constitutional violation was the result of a policy or practice that can be attributed to Wexford. *See Perez v. Fenoglio*, 792 F.3d 768, 780 (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)) (private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in a constitutional deprivation). Accordingly, the Unknown Party and Wexford shall be dismissed from the Complaint without prejudice.

### **Pending Motions**

Plaintiff has not filed a separate motion for appointment of counsel. However, the Complaint includes a request for appointment of counsel. (Doc. 1, p. 12). Accordingly, the Clerk of the Court shall be **DIRECTED** to add a Motion for Appointment of Counsel to the docket. This motion shall be referred to United States Magistrate Judge Reona J. Daly for a decision.

### **Injunctive Relief**

Plaintiff does not expressly seek any form of injunctive relief. However, he does request any other relief deemed appropriate by the Court. Given the nature of Plaintiff's claims,

---

[2] Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

particularly the possibility that Plaintiff's injury is ongoing and may require further treatment, the Court construes this request as including a request for injunctive relief at the close of the case. With respect to Plaintiff's request for injunctive relief, the warden is the appropriate party. *Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, the Clerk will be directed to add Jeff Dennison, the current warden of Shawnee, in his official capacity, for purposes of carrying out any injunctive relief that is ordered.

The Court does not construe the Complaint as including a request for immediate injunctive relief. Should Plaintiff wish to request a TRO or a preliminary injunction, he should file a separate motion pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint shall receive further review as to **DAVID.**

**IT IS FURTHER ORDERED** that **UNKNOWN PARTY** and **WEXFORD** are **DISMISSED** without prejudice for failure to state a claim. The Clerk of the Court is **DIRECTED** to terminate both Defendants as parties in CM/ECF.

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to **ADD JEFF DENNISON** to the docket as a defendant, in his official capacity only, for purposes of carrying out any injunctive relief that may be granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to add a Motion to Appoint Counsel as a separate docket entry in CM/ECF (referencing page 12 of the Complaint).

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including Plaintiff's Motion to Appoint Counsel (to be added to the docket). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 21, 2017**

<u>s/ STACI M. YANDLE</u>
**Staci M. Yandle**
**United States District Judge**